## Daughaday v. City of Paducah.

(Decided June 21, 1938.)

E. PALMER JAMES for appellant.

W. V. EATON for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

The City of Paducah, McCracken County, Kentucky, a city of the second class, has adopted the General Manager Form of Government composed of a

mayor and four commissioners. In the month of January, 1937, the city was visited with a flood of unusual dimensions causing an overflow of the Ohio River and nearby streams which were destructive and damaging to the property of the citizens of the city. On account thereof, in September, 1937, the board of commissioners adopted an ordinance pursuant to Section 3069, Kentucky Statutes, submitting the question to the legal voters of the city as to whether or not the city should become indebted and issue and sell to the amount of $200,000, in bonds for the purpose of raising funds to be used by the city in purchasing a right of way in which the United States Government proposed to build and erect a flood wall (referred to in the ordinance as a sea wall), in order to protect the citizens of the city and their property from further ravages from flood waters that might re-occur. This ordinance was unanimously adopted by the board of commissioners and was duly published as required by law. In pursuance thereto the question was presented to the legal voters of the city at the regular November election of 1937, resulting in 5,099 votes being registered in favor of the issuing and selling of the bonds by the city and 706 votes registered in opposition showing a majority in its favor of more than seven to one which was far in excess of two-thirds of the legal voters in the election being in favor of the project. This vote was duly and properly certified as required by law.

Appellant, J. S. Daughaday, instituted an action in equity in the McCracken circuit court on the 5th day of May, 1938, alleging with other things, not material to mention, that the bond issue voted was not within the constitutional limitation for cities of the second class and seeking, by that action, an injunction enjoining the city from selling the bonds; also, alleging that the ordinance authorizing the submission of the question to the voters failed to show that the proposed indebtedness to be incurred was within the constitutional limitations; that the city should have procured a judicial declaration to that effect before submitting the question to the voters.

The city answered and denied all of the affirmative allegations of the petition. The case was then submitted on the pleadings, proof and exhibits.

The chancellor rendered the following judgment:

"* * * It appearing that both the plaintiff and defendant are seeking a binding declaration of rights on the petition, and the Court being sufficiently advised finds and adjudges that the defendant, City of Paducah, properly and legally submitted the question of the issue of $200,000, of sea wall or flood protection bonds to be voted upon at the November election, 1937, and which question was properly advertised as required by law; and it further appears that said question was ratified by more than two-thirds (2/3) of the voters voting on said question at said election, and it further appears from the record that said indebtedness is well within the constitutional limitation fixed and determined by Section 158 of the Constitution, and there is no apparent or valid reason why the defendant should not proceed to issue and sell said bonds. The Court therefore adjudges that the indebtedness is within the constitutional limitation for said City of Paducah, and that the bonds proposed to be issued are valid and legal obligations of the City of Paducah when so issued. It is further adjudged that the plaintiff's petition insofar as it seeks to have said bonds to be declared illegal, and to have the Court adjudge that the same may not be issued is dismissed."

The question before the court is, Was that judgment correct? We are of the opinion that it was. Hill v. City of Covington, 264 Ky. 618, 95 S. W. (2d) 278; Pollitt v. Lewis, et al., 269 Ky. 680, 108 S. W. (2d) 671.

The passage and publication of the ordinance calling the election is conceded; that the majority of the voters were in favor of the bonds and that the result was sufficient to warrant the city in incurring the indebtedness was also conceded or at least not denied.

The only question that was necessary to be submitted to the voters was whether or not they favored the issuing of the bonds to the amount of $200,000. The question as to whether the amount to be issued exceeded the constitutional limitation was a matter of law to be determined after the voters of the city had spoken.

Section 158 of the Constitution of Kentucky, in part, provides that in cities of the class of Paducah, being a city of the population of 20,000 or more, the

limit of the indebtedness should be 10% of the taxable property therein, to be estimated by the assessment next before the last assessment previous to incurring the indebtedness. The evidence was abundant and undenied that the total assessed valuation of the taxable property of the city at the last assessment is $21,600,000, and that the indebtedness including the $200,000, proposed bond issue was $1,700,000 which is far less than 10% of the total assessed valuation of the taxable property. The issuing of the bonds and the selling of same are not in violation of Section 158 of the Constitution.

Without extending this opinion further, we find no merit in appellant's contention.

Wherefore, the judgment of the chancellor is affirmed.